NEW YORK COUNTY—HON. D. G. ROLLINS, SURRO-GATE.—May, 1883.

DODWORTH v. CROW.

*In the matter of the probate of a paper propounded as a codicil to the last will and testament of* THOMAS DOD-WORTH, *deceased.*

Testator's will, which was written on the second and third pages of a sheet of foolscap paper, and bequeathed his residuary estate to his son Thomas J. Dodworth, was admitted to probate by the Surrogate of New York county, in 1876. At that time, there appeared, on the fourth pag· of the same sheet, in decedent's handwriting, the following:

"I, Thomas Dodworth, who made the annexed will, now make this my codicil, in which I give and bequeath . . . unto my granddaughter, Ida Dodworth, the sum of one thousand dollars, the same to be deducted from the legacy bequeathed by me to my son T. J. D., and to be held in trust by my executors until she arrives at the legal age for receiving it.

    "November 6th, 1875."     "THOS. DODWORTH.·

About an inch below, were these words, also in decedent's hand: "In acknowledgement of my approval of and consent to the conditions of the above codicil I hereunto subscribe my name." Then followed the signature of T. J. D., underneath which was the signature of C. preceded by the word "witness."

Upon an application for the probate of this writing as a codicil to testator's will, it appeared that C. was dead, and the testimony of T. J. D., as to publication, was insufficient.—

*Held*, that, in the absence of an attestation clause subscribed by C., no presumption of due execution arose; that the instrument offered for probate did not, on its face, pretend to have been executed in compliance with the requirements of the statute; and that, direct proof of such compliance being wanting, probate must be refused.

*It seems*, that, on account of the dissociation, from the writing propounded, of the names written thereunder, the instrument could not be established even by direct proof of subscription and acknowledgement by the testator in the presence of T. J. D. and C., and that they wrote their names at his request and with the purpose of acting as attesting witnesses.

APPLICATION, by Charles A. Crow, assignee of Ida Dodworth, decedent's granddaughter, for the probate of a paper propounded as a codicil to his will; opposed by Thomas J. Dodworth, a son of decedent. The facts appear sufficiently in the opinion.

FOSTER & STEPHENS, *for proponent.*

L. G. GARRETTSON, *for contestant.*

ARNOUX, RITCH & WOODFORD, *for C. R. Dodworth.*

THE SURROGATE.—Seven years since, the holographic will of Thomas Dodworth was admitted to probate in this court. It contained several bequests to his children and other relatives, and gave his residuary estate to Thomas J. Dodworth, his son. It was contained within the limits of the second and third pages of a sheet of foolscap paper,

on whose fourth page was written and still appears, in decedent's handwriting, the following:

" I, Thomas Dodworth, who made the annexed will, now make this my codicil, in which I give and bequeath . . . unto my granddaughter, Ida Dodworth, the sum of one thousand dollars, the same to be deducted from the legacy bequeathed by me to my son Thomas J. Dodworth, and to be held in trust by my executors until she arrives at the legal age for receiving it.

" THOS. DODWORTH.

" November 6th, 1875."

About an inch below are these words, also in decedent's hand: "In acknowledgement of my approval of and consent to the conditions of the above codicil, I hereunto subscribe my name." Then follows the signature of Thomas J. Dodworth, underneath which is the signature of Bernard M. Chave, preceded by the word "witness."

The above quoted writings are now, for the first time, formally offered for probate, as a codicil to the last will of this decedent. It seems clear to me that there is here no instrument which, on its face, pretends to have been executed in compliance with the requirements of our Statute of Wills. For, what was prepared by the testator as a codicil does not purport to have been signed by any person whomsoever as an attesting witness. Now, the statute expressly prescribes, as one of the essential formalities in the execution of testamentary papers, that " there shall be at least two attesting witnesses, *each of whom shall sign his name as a witness* at the end of the will " (3 Rev. Stat., ch. 6, tit. 1, § 40; *3 Banks, 7th ed., 2285*).

Here the name of Thomas J. Dodworth does not profess to have been written by him in attestation of the decedent's execution of the codicil, but is rather in token of his own assent to the terms of that instrument. And as for Chave, it would appear, in the absence of explanation, as if the only instrument which he witnessed was that whereby the testator's son acknowledged his approval of his father's purposes with reference to the granddaughter Ida. Indeed the names of Thomas J. Dodworth and Bernard M. Chave, as they appear on the fourth page of this paper, are so separated and disassociated from the codicil that I doubt whether that instrument could be established, even by direct proof that it was actually signed and acknowledged by the testator in presence of his son Thomas and of Bernard M. Chave, and that those gentlemen wrote their names at his request and with the purpose of acting as attesting witnesses.

However that may be, it is plain that, without some such satisfactory proof of its due execution, this paper ought not to be admitted to probate. Now, there is no such proof. Mr. Chave is dead. The appearance of his name at the end of any ordinary attestation clause might have justified a presumption that there had been a compliance with the requirements of the statute, in the particulars in that clause specified. But there is no attestation clause here, and, so far as the story of his action is told by the paper propounded, Mr. Chave, as has been already remarked, appears to have witnessed, not the father's codicil, but the son's approval of that codicil.

The testimony of Thomas J. Dodworth does not help the matter. It does not satisfy me that the decedent subscribed this paper in the presence of his son or of Mr.

Chave, or that to either of them he acknowledged his signature, or that he declared to Chave that the instrument offered as a codicil to his will was in fact such, or that he requested either Chave or his son Thomas to attach their names as witnesses, or that either of them, when they affixed their signatures, did so in attestation of the paper here propounded as a codicil. I must, therefore, refuse to admit that paper to probate.

A decree may be entered accordingly.